PEOPLE, PLAINTIFF AND APPELLEE, v. MARGARIÑO, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
a Prosecution for Grand Larceny.

No. 1160.—Decided July 28, 1917.

LARCENY—CONFESSION OF GUILT—RECOVERY OF STOLEN GOODS.—A confession of
guilt of the larceny of postage stamps, although it does not establish the
amount stolen, corroborated by the fact that the defendant disposed of a part
of the stamps of the same kind as the missing ones, is sufficient to connect him
with the offense and, therefore, to sustain the verdict as to larceny; and there
was no necessity in this case of finding all of the stolen stamps, inasmuch as
it was shown that the defendant had an opportunity to steal the missing
stamps; that they disappeared during the same night on which he stole
those accounted for, and that there was no reason to suspect any other person.

The facts are stated in the opinion.

*Mr. Antonio Trujillo Güil* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Pedro Margariño was accused of grand larceny because
of the asportation, on or about November 2, 1916, or prior
to that date, from the Department of Education at San Juan,
of ten rolls of postage stamps valued at one hundred dollars
and belonging to The People of Porto Rico.

A jury found him guilty of the offense charged, and hav-
ing been sentenced to confinement in the penitentiary for one
year at hard labor, he appeals.

His sole contention is that the judgment cannot stand
because it was not shown that the stamps taken by him
amounted to one hundred dollars or more, and that the tes-
timony of certain witnesses should be regarded with caution
because they are accomplices.

We have examined the evidence and deem it sufficient to
sustain the judgment of conviction. It appears that in the
Department of Education, where defendant was employed as
messenger, on or about the 1st of November, 1916, postage
stamps of various denominations were bought to the amount
of some five hundred dollars; that on the morning of the

following day one of the doors of the division of property and accounts and also the safe where the stamps were kept were found open, and that stamps were missing to the amount of one hundred dollars; that defendant, who had free access to all offices of the department, gave one of the witnesses five rolls of two-cent stamps to sell, each roll containing five hundred stamps, some of which were actually sold by him and by another witness; that upon returning to defendant the unsold remainder defendant declined to receive them, telling witness to throw them into the water, because on that same day the Department of Education had sent for the detectives; that the detectives recovered from several houses in San Juan a portion of the stamps sold, which were of the same sort as the stolen ones with identical perforation; and that when the defendant was arrested he confessed his guilt before two witnesses. The confession of guilt, although it does not establish the amount of stamps stolen, corroborated by the fact that the defendant disposed of a quantity of stamps of the same kind as the missing ones, is sufficient to connect him with the offense and therefore to sustain the verdict as to the larceny. The opportunity that defendant had to steal the unlocated rolls having been shown, in addition to the fact that they disappeared during the same night on which he stole those accounted for by direct evidence, and in the total absence of suspicion cast upon any other person, we think, as intimated above, that the evidence as to the theft of all the missing stamps is sufficient, and that it was not necessary to find all of the stolen goods.

The witnesses who sold the stamps, even if they can be regarded in any sense as accomplices, have been sufficiently corroborated.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.